F I L E D
 Clerk
 District Court

MAR 06 2025

for the Northern Mariana Islands
By_____
         (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ZAJI O. ZAJRADHARA,<br><br>   Plaintiff,<br><br>   v.<br><br>NORTHERN MARIANAS COLLEGE, GALVIN GUERRERO, NADINE GUERRERO, KEN LUJAN, AND DOES 1 TO 3,<br><br>   Defendants. | Case No. 1:24-cv-00006<br><br>**ORDER DENYING REQUEST TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND DISMISSING ACTION** |

Before the court are Plaintiff Zaji O. Zajradhara's two filings which both request that this Court certify its Order Denying Motions for Stay (ECF No. 23) for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (ECF Nos. 27 at 1; 28 at 1.) Because the filings request the same relief, the court addresses them as one motion. The court had previously denied Zajrahdara's Motions for Stay because "there is not even pending legislation to support [his] Motions to stay proceedings; Zajradhara [had] merely sent a letter to a Congressional representative, the White House, and the Office of the United States Attorney General." (ECF No. 23 at 2.) Subsequently, the court denied Zajradhara's Motion for Reconsideration of its Order Denying Motions for Stay for the same reason——"fail[ure] to cite to any authority that would support granting a stay on the basis of pending *legislation*." (ECF No. 26 at 1–2.)

Now, Zajradhara seeks certification of the following questions for interlocutory appeal:

1

> Does the CNMI's unique exemption from the full application of the Fourteenth Amendment violate the Equal Protection and Due Process Clauses, thereby inflicting direct harm on Plaintiff Zaji O. Zajradhara and similarly situated citizens, and warrant a stay of proceedings pending resolution of executive and legislative actions explicitly addressing this constitutional anomaly, including H.R. 569, and given demonstrable indications of judicial bias and inconsistent application of law in the proceedings below?[1]

(ECF No. 27 at 1.)

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an interlocutory order for appeal if (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to the question of law; and (3) appealing the order may materially advance the ultimate termination of the litigation. "The ultimate decision of whether to certify an interlocutory order for immediate appeal under section 1292(b) is subject to the district court's discretion." *Johnson v. Altamirano*, No. 3:19-CV-01185-H-BLM, 2020 WL 487301, at *10 (S.D. Cal. Jan. 30, 2020) (internal citations omitted). "Even where the statutory criteria of § 1292(b) are met, the district court retains discretion to deny permission for interlocutory appeal." *Tsyn v. Wells Fargo Advisors, LLC*, No. 14-CV-02552-LB, 2016 WL 1718139, at *3 (N.D. Cal. Apr. 29, 2016) (internal quotations and citations omitted).

Zajradhara has failed to demonstrate that the requirements for an interlocutory appeal

---

[1] In his second filing, Zajradhara frames the question as follows:

> [W]hether the CNMI's unique exemption from the full application of the Fourteenth Amendment is constitutional under established Supreme Court jurisprudence and 48 U.S.C. § 1801, and whether this Court must act to not engage in partiality and corruption in that area.

(ECF No. 28 at 1.)

under 28 U.S.C. § 1292(b) have been met. The controlling question of law at issue in the Order Denying Motions for Stay was whether pending legislation[2] justifies staying proceedings, not the scope of the application of the Fourteenth Amendment to the Commonwealth of the Northern Mariana Islands. (*See* ECF Nos. 23 at 1–2; 26 at 1–2.) Zajradhara has not sufficiently established that there is any ground for difference of opinion as to the relevant controlling question of law. Further, appealing the Order would not advance the ultimate termination of litigation; Zajradhara's deadline to file his second amended complaint has already passed. (*See* ECF No. 20.) Thus, the court DENIES Zajradhara's request for certification of the Order Denying Motions for Stay for interlocutory appeal.

Furthermore, the court dismisses this action for failure to comply with the court's orders setting and extending the deadline for filing a second amended complaint (ECF Nos. 18 at 16; 20). A district court may dismiss a case for failure to comply with a court order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992). In determining whether to dismiss an action on this ground, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260–61 (internal citations omitted). The first two factors weigh in favor of dismissal of Zajradhara's action. The third factor, risk

---

[2] It is unclear how the pending legislation offered by Zajradhara as the bases for his Motions to Stay is even relevant; currently, there are no live claims.

of prejudice to defendants, also weighs in favor of dismissal "because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action." *See Tolbert v. Clark Cnty. Det. Ctr.*, No. 2:23-CV-01026-JAD-EJY, 2025 WL 294991, at *1 (D. Nev. Jan. 23, 2025) (citing *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976)). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors favoring dismissal.

The fifth factor weighs in favor of dismissal because the court has already extended the deadline for Zajradhara to file an amended complaint (ECF No. 20) and suggested that he file a second motion for an extension if he so needed (ECF No. 23 at 2)——which he has not done. Instead, Zajradhara has spent his time litigating his request to stay proceedings in this matter. (*See* ECF Nos. 21–22; 24–25; 27–28.) This action cannot proceed without an amended complaint, and Zajradhara has neither filed one nor requested an extension by the court-ordered deadline. For these reasons, the action is DISMISSED WITH PREJUDICE. *See e.g.*, *Cromartie v. Brown*, No. CV 20-00242 LEK-RT, 2022 WL 171502, at *1 (D. Haw. Jan. 19, 2022) (dismissing complaint with prejudice when plaintiff failed to file amended complaint or request extension by court-ordered deadline). The court directs the Clerk's Office to enter final judgment and close the case on **March 20, 2025**, unless Zajradhara files a proper motion for reconsideration pursuant to the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 6th day of March, 2025.



                                          **/s/ Frances M. Tydingco-Gatewood**
                                          **Designated Judge**