F I L E D
Clerk
District Court
APR 04 2025
for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ZAJI O. ZAJRADHARA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORTHERN MARIANAS COLLEGE, GALVIN GUERRERO, NADINE GUERRERO, KEN LUJAN, AND DOES 1 TO 3,<br><br>　　　　Defendants. | Case No. 1:24-cv-00006<br><br>ORDER |

　　　　On March 6, 2025, the court denied Plaintiff Zaji O. Zajradhara's requests to certify its Order Denying Motions for Stay (ECF Nos. 27–28) and dismissed this action with prejudice because Zajradhara had not filed a seconded amended complaint by the extended deadline. (ECF No. 29 at 3–4.) The court also provided Zajradhara fourteen (14) days to file a motion for reconsideration of its decision, before the Clerk's Office was directed to enter final judgment and close the case. (*Id.* at 4.) Zajradhara did not file any motion by this deadline, and final judgment was entered and the case was closed on March 21, 2025. (ECF No. 30.)

　　　　After the case was closed, Zajradhara filed six (6) documents. (ECF Nos. 31–36.) Among his filings was a "response to any implied or explicit show cause order related to the dismissal of his case on March 6, 2025." (ECF No. 33.) This Court has not issued any such "implicit or explicit show cause order." Zajradhara missed the deadline to file a motion for reconsideration of the court's order

1

dismissing his case. Further, Zajradhara has not demonstrated that reconsideration should be granted; Zajradhara has not presented any "highly unusual circumstances," newly discovered evidence, that the court committed clear error, or any intervening change in the controlling law. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Zajradhara argues the court dismissed this action while there were pending claims (*id.* at 1), but that is plainly incorrect. As alluded to above, the court denied the motions for interlocutory appeal certification (ECF Nos. 27–28) that Zajradhara references (ECF No. 33 at 1). (ECF No. 29 at 3.) Further, the court did not fail to address any of Zajradhara's claims because at the time the court issued its order dismissing the action, there were no live claims and Zajradhara had missed his deadline to file a second amended complaint. (*See* ECF Nos. 20; 29 at 3–4.)

Because judgment was entered and Zajradhara's case is closed, his Motion for Leave to Amend Complaint (ECF No. 35) may only be considered if the judgment is first reopened under a Rule 59 or Rule 60 motion. *See Koch v. Estrella*, No. 03-CV-2067-IEG (LSP), 2012 WL 13089920, at *3 (S.D. Cal. Mar. 21, 2012) (internal citations omitted). Zajradhara has not filed any such motion and as explained above, the court finds that the reasoning in Zajradhara's "response" (ECF No. 33) does not support reconsideration. Thus, Zajradhara's Motion for Leave to Amend Complaint is DENIED. Accordingly, Zajradhara's Amended Complaints (ECF Nos. 34; 36) are STRICKEN. Further, Zajradhara's other pending motions (ECF Nos. 31–32) are DENIED as moot because there are no live claims.

This case is closed and the court will not accept any further filings from Zajradhara in this closed case. To the extent that Zajradhara wishes to pursue the claims the court abstained from and

dismissed without prejudice (*see* ECF No. 18 at 11, 15), Zajradhara may file those claims in a new case and the court will consider them if Zajradhara demonstrates that abstention is no longer warranted. Further, if Zajradhara wishes to pursue any new claims against new defendants, he is free to do so by filing a new case.

      IT IS SO ORDERED this 4th day of April, 2025.



      **/s/ Frances M. Tydingco-Gatewood**
         **Designated Judge**